UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TODD D. DANIELS, SR.,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF DETROIT, *et al.*,<br><br>Defendants. | Case No. 25-cv-11261<br>Honorable F. Kay Behm<br>Magistrate Judge Elizabeth A. Stafford |

**ORDER DENYING PLAINTIFF'S
MOTIONS TO STRIKE
(ECF NOS. 26, 28, 35)**

Plaintiff Todd. D. Daniels, Sr., filed three motions to strike defendants' filings and attorney appearances. ECF No. 26; ECF No. 28; ECF No. 35. All three motions are **DENIED**.

Daniels first seeks to strike the allegedly unauthorized appearance of Richard G. Mack and the Miller Cohen law firm on behalf of Defendant Amalgamated Transit Union Local 26 (ATU). ECF No. 26; *see also* ECF No. 34. Under the local rules,

> An attorney must appear before representing a person or a party, except for practice permitted under LR 83.20(i)(1)(D). An attorney appears and becomes an attorney of record by filing a pleading or other paper or a notice of appearance. The

>attorney's office address, e-mail address, and telephone number must be included in the appearance.

E.D. Mich. LR 83.25.  Contrary to Daniels's claim, Mack filed an appearance on behalf of ATU that complies with Local Rule 83.25.  ECF No. 14.  Nothing in the local rules requires counsel to file a retainer, engagement letter, a certificate of good standing, or similar documents.  And the Court's docket reflects that Mack is admitted to practice in this district.

Daniels argues that Mack did not serve him with a copy of the appearance.  While Mack improperly served the filing electronically instead of by mail, Daniels has not shown that he was prejudiced by this clerical error.[1]  *See* ECF No. 14, PageID.122.  The Court rejects Daniels's argument that he had no opportunity to verify Mack's standing and authorization to represent ATU, as he has not shown that Mack failed to adhere to any procedural requirement for his appearance.

Daniels also contends that Mack failed to seek concurrence before filing ATU's motion to dismiss, in violation of Local Rile 7.1.  To the

---

[1] Federal Rule of Civil Procedure 5(a)(1) requires motions and other papers to be served on the other parties to an action.  Parties may serve those papers by postal mail or by "sending it to a registered user" via the Court's electronic filing system.  Rule 5(b)(2).  E-filing is not an acceptable method of serving Daniels because he is not a registered user of the e-filing system.

contrary, ATU stated that it "attempted but was unable to obtain concurrence from" Daniels before filing its motion. ECF No. 16, PageID.127. It adds that it could not reach Daniels to discuss concurrence because it had no contact information beyond his mailing address. ECF No. 33, PageID.270. Even if ATU did not properly seek concurrence, Daniels has not been prejudiced given his opposition to the motion. *See Spicer v. Michigan*, No. 2:19-cv-13718, 2021 WL 2823092, at *3 (E.D. Mich. July 7, 2021); *United States v. Nero*, No. 17-cr-20183-5, 2020 WL 7316108, at *2 (E.D. Mich. Dec. 11, 2020).

Daniels makes several more arguments about Mack's appearance that the Court finds frivolous and declines to belabor with more discussion.

Daniels moved a second time to strike Mack's appearance and filings on behalf of ATU. ECF No. 35. The motion repeats some of the same frivolous arguments about Mack's authority to represent ATU that the Court rejected above. But Daniels also argues that ATU is in default because it failed to timely answer the complaint. A certificate of service shows that ATU was served on June 2, 2025. ECF No. 21, PageID.182. Thus, its first responsive pleading was due on June 23, 2025. Fed. R. Civ. P. 12(a)(1)(A)(i). On that date, ATU filed its first responsive pleading, a

motion to dismiss under Rule 12(b)(6) rather than answer.  *See* ECF No. 16.  So ATU is not in default.

Daniels also seeks to strike filings by Defendants City of Detroit, Mike Duggan, Conrad Mallet, Charles Raimi, Robert Cramer, Howard Bragg, and Phillip Brown ("City defendants"), as well as the appearance of Jason T. McFarlane on their behalf.  ECF No. 28.  Daniels contends that these defendants were in default, as they failed to timely answer the complaint.  Even if the City defendants were in default, striking their filings and attorney appearance is not the proper relief.  Instead, Daniels could have—and did—move for default judgment, which the City defendants could oppose.  *See* Fed. R. Civ. P. 55(b)(2), (c).  For the reasons discussed in the report and recommendation, default judgment is improper because Daniels failed to state a valid claim.

s/Elizabeth A. Stafford
ELIZABETH A. STAFFORD
United States Magistrate Judge

Dated: August 21, 2025

## NOTICE TO PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this order, any party may file objections with the assigned district judge.  Fed. R. Civ. P. 72(a).  The

4

district judge may sustain an objection only if the order is clearly erroneous or contrary to law.  28 U.S.C. § 636.  **"When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in full force and effect unless and until it is stayed by the magistrate judge or a district judge."**  E.D. Mich. LR 72.2.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 21, 2025.

s/Davon Allen
DAVON ALLEN
Case Manager
