UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. DANIELS, SR.,            Case No. 25-11261

    Plaintiff,            F. Kay Behm
v.            United States District Judge

CITY OF DETROIT, *et al.*,            Elizabeth A. Stafford
           United States Magistrate Judge

    Defendants.
_____/

**OPINION AND ORDER ON MAGISTRATE JUDGE'S AUGUST 21, 2025
REPORT AND RECOMMENDATION (ECF No. 49)**

**I.    PROCEDURAL HISTORY**

Plaintiff, proceeding pro se, sues 20 Defendants for various wrongs arising from an alleged work injury. (ECF No. 1). The court referred this matter to Magistrate Judge Elizabeth A. Stafford for all pretrial proceedings. (ECF No. 6). Judge Stafford issued a report and recommendation on August 21, 2025 (ECF No. 49), recommending that the court deny Plaintiff's motion for default judgment (ECF No. 29), grant Defendants' dispositive motions (ECF Nos. 11, 16, 25) and that the rest of the case be *sua sponte* dismissed. Plaintiff has filed objections to the report and recommendation (ECF No. 50, 51), to which Defendants have filed responses (ECF Nos. 55, 56, 57, 58).

1

For the reasons set forth below, the court **ACCEPTS** and **ADOPTS** the report and recommendation and **OVERRULES** Plaintiff's objections.  Accordingly, the court **DENIES** Plaintiff's motion for default judgment (ECF No. 29), **GRANTS** Defendants' motions to dismiss (ECF Nos. 11, 16, 25) and **DISMISSES** Plaintiff's complaint in its entirety.

II.   **LEGAL STANDARD**

A party may object to a magistrate judge's report and recommendation on dispositive motions, and a district judge must resolve proper objections under a de novo standard of review.  28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3).  This court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  *Id*.  "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'"  *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018).  Objections that dispute the general correctness of the report and recommendation are improper.  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious."  *Id*. (citing *Howard v. Sec'y of*

*Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses . . . rehashing . . . the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

**III.   ANALYSIS**

The court assumes familiarity with the facts and the Magistrate Judge's Report and Recommendation.

<u>Objection No. 1</u>

Plaintiff requested entry of default against multiple defendants. (ECF No. 19). The request for entry of default was denied by the Clerk because the Clerk was unable to verify that service was executed in accordance with Fed. R. Civ. P. 4

3

and because no proof of service was filed. (ECF No. 20). Plaintiff maintains that this conclusion was incorrect because he presents the U.S. Postal Service "green cards" signed by the recipients, establishing compliance with Rule 4. (ECF No. 21). The green cards were not entered on the court's docket until two days after the default was denied. At this juncture Defendant Amalgamated Transit Union Local 26 ("the Union") had already filed its motion to dismiss in lieu of answer (ECF No. 16) and the remaining Defendants against whom a default was sought filed their motion to dismiss one day after the green cards were filed on the docket. (ECF No. 25). Plaintiff did not re-file his request for entry of default after the green cards were filed on the docket and before the motions to dismiss were filed. Thus, all Defendants against whom default was sought filed their motions to dismiss the complaint before a properly supported request for entry of default was filed. Under such circumstances, a default could not properly be entered. *See e.g., Harris v. Members of the Bd. of Governors of Wayne State Univ.*, 2010 U.S. Dist. LEXIS 87478, at *4 (E.D. Mich. Aug. 25, 2010) (finding plaintiff was not entitled to entry of a default judgment because "[w]ithout question, [defendant] filed a motion to dismiss under Rule 12(b)(6). Without question, [defendant] is not required to file an answer at this time ."); *Phelps v. Am. Gen. Fin. Servs.*, 2008 WL 3978318, at *3 (E.D. Mich. Aug. 22, 2008) ("[A] defendant may properly

4

defend as required by Rule 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim." (citation omitted)). Accordingly Objection No. 1 is **OVERRULED**.

### Objection No. 2

Plaintiff next asserts that Defendants' failure to file an answer is an admission. That is, Plaintiff contends that by operation of law, the factual allegations in the complaint are admitted, establishing liability. Plaintiff misunderstands the Federal Rules of Civil Procedure, which allow a defendant to file a motion to dismiss in lieu of an answer to the complaint. *See Phelps, supra* ("[A] defendant may properly defend as required by Rule 55(a) in ways other than filing an answer, such as by filing a motion to dismiss for failure to state a claim."). Defendants here all filed motions to dismiss in lieu of answering the complaint. Accordingly, the failure to file answers to the complaint does not establish any admission. Plaintiff's Objection No. 2 is **OVERRULED**.

### Objection No. 3

Plaintiff objects to the denial of his entry of default based on due process. Essentially, Plaintiff argues that denying his entry of default where Defendants failed to file answer violates due process. This is yet another variation on the theme that Plaintiff insists Defendants were required to file answers instead of

5

motions to dismiss. However, as discussed in detail above, Defendants are entitled to file motions to dismiss in lieu of answers to the complaint under the Federal Rules of Civil Procedure. Therefore, there is no due process violation and this objection is **OVERRULED**.

Objection No. 4

Plaintiff contends that he presented specific allegations of discrimination and denial of reasonable accommodation, which the Magistrate Judge failed to address in her report. Judge Stafford did, contrary to Plaintiff's claim, address his discrimination and accommodation claims when she concluded that Plaintiff failed to exhaust his administrative remedies. Plaintiff also argues that the Magistrate Judge failed to address his constitutional violations "raised in prior filings." Judge Stafford plainly addressed several constitutional claims in her report and recommendation, ECF No. 49, PageID.363-366. Further, Plaintiff's vague and conclusory objection referring to "other filings" is insufficient to assert a proper objection. *Knight Cap. Partners Corp. v. Henkel AG & Co., KGaA*, 903 F.3d 775, 780 n. 1 (6th Cir. 2019) ("Judges are not like pigs, hunting for truffles that might be buried in the record."). Thus, Plaintiff's claim that the Magistrate Judge somehow unconstitutionally imposed a higher standard on him as a pro se litigant

than on licensed attorneys, is without merit.  Plaintiff's Objection No. 4 is **OVERRULED**.

### Objection No. 5

Plaintiff claims that he has been prejudiced by the Defendants' failure to respond, the Clerk's improper refusal to enter default, and the Magistrate Judge's dismissal of the case instead of recognizing the defaults.  According to Plaintiff, this deprives him of the protections guaranteed by the Constitution and Federal Rule of Civil Procedure.  This objection is merely a re-hash of the objections addressed above regarding the default.  Again, the default was properly denied because at the time of filing, it was unsupported by the proofs of service.  And in the meantime, Defendants filed their motions to dismiss the complaint in lieu of answers, which is permissible under the Federal Rules of Civil Procedure.  Accordingly, Objection No. 5 is **OVERRULED**.

### Objection No. 6

Plaintiff argues that the Magistrate Judge failed to address and properly applied Rules 4 and 55 regarding the request for entry of default against the Worker's Compensation Insurance Carrier ("Insurance Carrier").  Again, the clerk denied entry of default because of a lack of any proof of service.  Plaintiff explains, however, that he did not have the green card for the Insurance Carrier

at the time he submitted the other green cards showing service.  Attached to his objection to ECF No. 48 (see ECF No. 51), is a copy of the green card showing service by mail on the Insurance Carrier.  (ECF No. 51, PageID.396).  This filing does not cure the defect that stood at the time the Clerk denied the entry of default for lack of proof of service.  In order to seek a default against the Insurance Carrier, Plaintiff would have to file a new request for entry of default and provide the proof of service with that request.  Further, contrary to Plaintiff's argument, this does not provide a basis to reject the Magistrate Judge's substantive recommendations to dismiss the claims against Insurance Carrier on the merits.  Plaintiff has not offered any substantive objection to Judge Stafford's conclusions that those claims should be dismissed.  Accordingly, Objection No. 6 is **OVERRULED**.

Objection No. 7

Plaintiff contends that the Magistrate Judge's characterization of his claims against the Friend of the Court ("FOC") is inaccurate and incomplete.  He says he specifically challenged the FOC lien as unconstitutional, unauthorized under law, and executed in violation of both federal and Michigan constitutional provisions.  Plaintiff contends the Magistrate Judge ignored these substantive claims.  However, Judge Stafford addressed each of the counts brought in Plaintiff's

complaint and Plaintiff does not allege that she failed to address any count in the complaint. Instead, Plaintiff attempts to bring new theories and claims into this case via his objections. For example, he now has a theory about unconstitutional delegation of judicial power, but does not assert such a claim in his complaint. Further, Plaintiff also mentions due process and equal protection claims in his objection, but such claims are nowhere to be found in the counts of the complaint. "[A] plaintiff cannot add new claims to [her] complaint in an opposition to a motion to dismiss." *Edwards v. Warner-Lambert*, 2012 WL 2156246, *6 (S.D. Oh. June 13, 2012) (dismissing pro se plaintiff's claim because it was first alleged in response to defendant's motion to dismiss). Similarly, parties may not add new claims in an objection to a report and recommendation. *See Jones v. Michigan Dep't of C.R.*, 2019 WL 1097489, at *2 (E.D. Mich. Mar. 8, 2019) (citing *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000)); *Mcglory v. Mich. Dep't of Corr.*, 2021 WL 2471068, at *4 (W.D. Mich. June 17, 2021) ("A plaintiff 'may not raise entirely new claims in [his] objections,' regardless of his *pro se* status.") (alteration in original) (quoting *Dennis v. Knab*, 2010 WL 3258395, at *1 (S.D. Ohio Aug. 17, 2010)). Plaintiff simply cannot raise new claims in opposition to Defendants' motions to dismiss or in his objection to the Magistrate

Judge's report and recommendation. Accordingly, Objection No. 7 is **OVERRULED**.

Objection No. 8

Plaintiff objects to the Magistrate Judge's conclusion that dismissal is warranted on the basis that Plaintiff failed to file charges with the EEOC and did not produce a right-to-sue letter. Plaintiff does not actually contest these conclusions. Instead, Plaintiff contends that he attempted to exhaust his administrative remedies but the EEOC rejected his attempt, a claim for which he offers no proof. Plaintiff provides an email from the EEOC which includes directions on how to verify his email. (ECF No. 51, PageID.400). But he still provides no evidence that he filed an EEOC charge or that the EEOC refused to accept his charge. Accordingly, there is no factual basis on which the court could conclude that he attempted to exhaust his administrative remedies and that attempt was rejected by the EEOC. The objection is **OVERRULED**.

Plaintiff also complains that the Magistrate Judge applied the exhaustion requirement even though it is not jurisdictional and is subject to waiver. However, Defendants raised the defense in their motions to dismiss and thus, it was not waived. (ECF Nos. 16, 25). The Magistrate Judge properly considered

and applied the exhaustion requirement to Plaintiff's Title VII and ADA claims. The objection is **OVERRULED**.

Plaintiff also asserts that the Magistrate Judge did not adequately address his claims against the Union. However, a review of Plaintiff's complaint shows that he did not allege any wrongdoing by the Union, including any alleged failure to address his grievances. Accordingly, there were no claims for the Magistrate Judge to address regarding the Union. The objection is **OVERRULED**.

Plaintiff also asserts that "as a private association, the Union cannot invoke sovereign immunity nor rely on representation by BAR attorney's, who are licensed by the state to act in service of the judiciary and governmental entities not private parties. Plaintiff maintains that this constitutes the unauthorized practice of law…" (ECF No. 50, Page 380-81). The Union has not invoked sovereign immunity and thus, this is a non-issue. The Union explains that it is a private labor organization represented by private counsel, who are licensed and remain in good standing with the State of Michigan and this Court. Plaintiff offers no evidence suggesting otherwise and thus, this objection is **OVERRULED**.

Objection 8a

Plaintiff here restates the same objections addressed above regarding his alleged attempt to submit a charge to the EEOC, the Magistrate Judge's alleged

11

failure to address his claims against the Union, the Union's alleged invocation of immunity, and the Union's representation and alleged unauthorized practice of law. These objections are **OVERRULED** for the same reasons stated above.

Second Set of Objections to Report and Recommendation

Plaintiff has filed a second set of objections, which purport to be objections to the Magistrate Judge's order denying Plaintiff's motion to strike, but on review, are another set of objections to the Magistrate Judge's report and recommendation. (ECF No. 51). The first objection is a re-hash of Plaintiff's arguments that the defaults were improperly denied. This objection is **OVERRULED** for the same reasons set forth above.

Next, Plaintiff argues that the report and recommendation is defective for failing to address his constitutional claims and statutory causes of action. However, as set above, the Magistrate Judge address each cause of action contained in the counts of Plaintiff's complaint. This objection is **OVERRULED**.

In the third objection, Plaintiff contends that the Magistrate Judge improperly *sua sponte* dismissed the claims against Defendants who failed to move for dismissal, which violated Plaintiff's due process rights. However, as the Magistrate Judge noted in her report and recommendation, where a plaintiff is granted leave to proceed *in forma pauperis*, the court is obligated to screen and

12

dismiss the action *sua sponte* if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants. (ECF No. 49, at PageID.359, citing 28 U.S.C. § 1915(e)(2)(B); *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997)). Thus, the Magistrate Judge did not deprive Plaintiff of his constitutional rights when she screened the complaint and *sua sponte* dismissed claims against Defendants who had not filed a motion to dismiss the complaint and this objection is **OVERRULED**.

In his fourth objection, Plaintiff states in a conclusory fashion that his claims are not frivolous and he states claims under federal law, warranting discovery. Plaintiff's objection is too general and vague to be considered a proper objection. "For an objection to be proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the order are improper. *See e.g., Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed.") (citing *Howard v. Secretary of Health and Human Servs.,* 932 F.2d 505, 508–09 (6th Cir. 1991)).

13

"The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).  Here, Plaintiff has failed to identify any particular aspect of the report and recommendation to which he objects.  Instead, he makes only vague and general objections.  This objection is, therefore, **OVERRULED**.

Plaintiff's fifth objection asserts that the report and recommendation imposes "manifest prejudice."  That is, by excusing the defaults and dismissing claims *sua sponte*, the court held a pro se plaintiff to a higher standard than officers of the court.  Not so.  Instead, the Magistrate Judge properly applied the federal rules of civil procedure and other substantive law to Plaintiff's complaint and motion.  Indeed, the "liberal treatment of pro se pleadings does not require lenient treatment of substantive law," and, ultimately, those who proceed without counsel must still comply with the procedural rules that govern civil cases.  *Sterner v. Paragon Revenue Grp.*, 2019 WL 960071, at *1 (E.D. Tenn. Feb. 26, 2019) (quoting *Durante v. Fairlane Town Ctr.*, 201 F. App'x 338, 344 (6th Cir. 2006)).  This includes, of course Federal Rule of Civil Procedure 55, governing defaults, Rule 12, governing motions to dismiss, and the statutory requirements

for screening complaints where a plaintiff is proceeding *in forma pauperis*. The fifth objection is **OVERRULED**.

Plaintiff's sixth and final objection is that the Magistrate Judge erred by failing to recognize that several defendants failed to answer or defend within the time required by Rule 12(a). By refusing to enter defaults and instead recommending dismissal, Plaintiff argues that the Magistrate Judge denied his due process rights. Further, Plaintiff asserts that he was prejudiced because the court allowed dismissal of claims against Defendants who never responded, shielding them from liability and holding Plaintiff to a higher standard than Defendants or attorneys. This objection is duplicative of the objections addressed with respect to Plaintiff's first set of objections and other objections addressed above. It is therefore **OVERRULED**.

## IV. CONCLUSION

For the reasons set forth above, the court **ACCEPTS** and **ADOPTS** the report and recommendation and **OVERRULES** Plaintiff's objections. Accordingly, the court **DENIES** Plaintiff's motion for default judgment (ECF No. 29), **GRANTS** Defendants' motions to dismiss (ECF Nos. 11, 16, 25), and **DISMISSES** Plaintiff's

complaint in its entirety.  The remaining pending motions are **TERMINATED** as moot.

    **SO ORDERED**.

Date: January 15, 2026　　　　　　　　　s/F. Kay Behm
　　　　　　　　　　　　　　　　　　　F. Kay Behm
　　　　　　　　　　　　　　　　　　　United States District Judge