UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. DANIELS, SR,

      Plaintiff,

                                       Case No. 25-11261

v.

                                       F. Kay Behm

CITY OF DETROIT, *et al.*,               U.S. District Judge

      Defendants.

_____/

**ORDER GRANTING MOTION TO EXTEND OR REOPEN TIME
FOR APPEAL, DENYING MOTION FOR RELIEF FROM JUDGMENT AND STAY,
<u>AND DENYING IFP ON APPEAL WITHOUT PREJUDICE (ECF No. 72),</u>**

**I.     MOTION TO EXTEND OR REOPEN TIME FOR APPEAL**

Plaintiff, Todd D. Daniels, Sr., requests an extension of time to appeal to the

Sixth Circuit.  (ECF No. 72).  The court granted Defendants' motions to dismiss on

January 15, 2026, and entered a judgment on the same day.  (ECF Nos. 68, 69).

The court mailed the order and judgment on January 20, 2026 to a Detroit

Michigan address on Woodrow Wilson.  (ECF No. 71).  The mailing was returned as

undeliverable on February 25, 2026.  *Id*.  Plaintiff filed a notice of change of

address on January 26, 2026.  (ECF No. 70).  The order and judgment were sent to

Plaintiff's new address on Moross in Detroit, Michigan on February 25, 2026.  *See*

Text-Only Certificate of Service dated 2/25/26.  Plaintiff filed this motion to reopen the time for an appeal on March 16, 2026.  (ECF No. 72).  In his initial motion, Plaintiff did not indicate when he received the order and judgment.  *Id*.  The court ordered Plaintiff to supplement his motion by indicating when he received the order and judgment.  (ECF No. 77).  Plaintiff timely responded to the order and indicated that he received the order and judgment on March 2, 2026.  (ECF No. 78).

Plaintiff notes that he did not receive the order and judgment in time to file a timely notice of appeal.  When a party does not receive the judgment in a timely manner, the court may reopen the time to file an appeal, pursuant to Federal Rule of Appellate Procedure 4(a)(6).

> The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, *but only if all the following conditions are satisfied*:
>     (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
>     (B) the motion is filed within 180 days after the judgment or order is entered or *within 14 days after the moving party receives notice* under Federal Rule of Civil Procedure 77(d) of the entry, *whichever is earlier*; and
>     (C) the court finds that no party would be prejudiced.

*Id.* (emphasis added).

2

Based on Plaintiff's allegations, the court finds that he did not receive notice of entry of the order and judgment within 21 days after entry; thus paragraph A is satisfied.  Pursuant to paragraph (B) of Rule 4(a)(6), a motion to reopen the time for appeal must be filed within 180 days of the entry of judgment or within 14 days after the moving party receives notice of the entry of judgment, "whichever is earlier." *Id.*  Plaintiff received the order and judgment on March 2, 2026 and filed his motion to extend the time to appeal 14 days later on March 16, 2026. (ECF No. 72).  Thus, paragraph B is satisfied.  The court finds no prejudice to the parties in allowing the extension of time to file an appeal, particularly where Defendants did not respond to the motion.  Paragraph C is therefore satisfied.

Accordingly, the court **ORDERS** that the appeal period is reopened for a period of 14 days from entry of this Order.  **Plaintiff must file his Notice of Appeal within 14 days of entry of this Order.**

## II.    MOTION FOR RELIEF FROM JUDGMENT

Federal Rule of Civil Procedure 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic),
misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is
based on an earlier judgment that has been reversed or vacated;
or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence. *Info-Hold, Inc. v. Sound Merch., Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted). In addition, "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof." *Jinks v. AlliedSignal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001).

Plaintiff does not indicate under which provision of Rule 60(b) he proceeds. He first asks for relief from judgment based on the delayed notice of judgment, which prejudiced his ability to pursue post-judgment relief and appellate relief. However, the court is addressing his motion for relief from judgment and, as set forth above, granted his request for an extension of time to file his appeal. Thus, the delayed notice of judgment has not prejudiced his ability to pursue post-judgment relief or appellate relief.

4

Next, Plaintiff seeks relief from judgment based on alleged procedural irregularities regarding his requests for entry of default.  As best the court can discern, Plaintiff seeks relief under Rule 60(b)(1).  Relief may be granted under Rule 60(b)(1) "in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citation omitted).  Plaintiff's argument suggests that the court erred when it determined that the defaults requested in this case were properly not entered by the Clerk of the Court. However, Plaintiff does not indicate how the court erred in its analysis and his argument is woefully undeveloped.  Therefore, his argument is deemed waived. *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.").

In a variation on the same argument, Plaintiff asserts that the court improperly dismissed the action instead of enforcing the procedural rules governing default and sanctions.  Again, Plaintiff does not indicate how the court

5

erred in its analysis and this woefully undeveloped argument is also deemed waived. *See McPherson, supra*. For the foregoing reasons, Plaintiff's motion for relief under Rule 60(b) is **DENIED**.

## III.    STAY OF PROCEEDINGS

Plaintiff seeks a stay of proceedings pursuant to Rule 62(b) because a "stay is appropriate appellate rights preserved" and "maintaining the status quo will prevent injustice and ensure orderly review of the issues raised." (ECF No. 72, PageID.532). Rule 62(b) provides as follows:

> At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect when the court approves the bond or other security and remains in effect for the time specified in the bond or other security.

Fed. R. Civ. P. 62(b). This rule does not appear to have any applicability to the present circumstance as Plaintiff does not seek to provide a bond or other security. Nor does there appear to be any need for a stay of the judgment. The court has granted Plaintiff's request to extend time to file an appeal and otherwise addressed his post-judgment motions. The request is **DENIED**.

## IV.    *IN FORMA PAUPERIS* APPLICATION

Plaintiff moves to proceed *in forma pauperis* on appeal. However, Plaintiff has not yet filed his notice of appeal and thus, this request is **DENIED** without

6

prejudice as premature.  Plaintiff may refile his request to proceed *in forma pauperis* on appeal after he has filed his notice of appeal.

      **SO ORDERED**.

Dated: April 13, 2026             <u>s/F. Kay Behm</u>
                                         F. Kay Behm
                                         United States District Judge