UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. DANIELS, SR.,

       Plaintiff,

v.

CITY OF DETROIT, et al.,

       Defendants.

_____ /

Case No. 25-11261

F. Kay Behm
United States District Judge

Elizabeth A. Stafford
United States Magistrate Judge

ORDER DENYING MOTION FOR APPOINTMENT
OF COUNSEL ON APPEAL (ECF No. 75)

Plaintiff moves for the appointment of counsel on appeal.  (ECF No. 75).

The court has discretion to appoint counsel for an indigent civil litigant.  28

U.S.C. § 1915(e) ("The court may request an attorney to represent any person

unable to afford counsel.") (emphasis added); Reneer v. Sewell, 975 F.2d 258,

261 (6th Cir. 1992) ("The appointment of counsel to civil litigants is a decision

left to the sound discretion of the district court, and this decision will be

overturned only when the denial of counsel results in fundamental unfairness

impinging on due process rights.") (citations and internal quotation marks

omitted).  Such an appointment in a civil case is not a constitutional right;

rather, "it is a privilege that is justified only by exceptional circumstances."

Richmond v. Settles, 450 F. App'x 448, 452 (6th Cir. 2011) (citing Lavado v.

1

Keohane, 992 F.2d 601, 605-06 (6th Cir. 1993)).  To make the determination whether there are exceptional circumstances to appoint counsel, the court considers the type of case involved, plaintiff's ability to represent himself, as well as the complexity of the case, and also whether the claims being presented are frivolous or have a small likelihood of success.  Lavado, 992 F.2d at 606.

Plaintiff says that counsel should be appointed on appeal because this case presents "complex procedural and constitutional issues" including (1) the improper denial of default despite valid service; (2) the acceptance of untimely Rule 12 motions; (3) sua sponte dismissal of defendants who filed no response; (4) misapplication of 28 U.S.C. § 1915(e)(1); and the failure to timely mail judgment, depriving him of notice.  Plaintiff also says that he is unable to afford counsel, he has diligently pursued his rights, the legal and procedural issues exceed his ability to effectively present them without the assistance of counsel, and the appointment of counsel will materially assist the court and promote the interests of justice.

Some of the factors the court should consider when making the decision to appoint counsel include the viability or frivolity of the indigent's claims, the nature and complexity of the case, and indigent's ability to

present the case.  Haines v. Saginaw Police Dep't, 35 F.3d 565 (6th Cir. 1994) (table) (citing McCarthy v. Weinberg, 753 F.2d 836, 838–39 (10th Cir. 1985) (per curiam)).  The issues before the court on appeal are not particularly complex and Plaintiff has shown an ability to present his case throughout the litigation in the district court.  It appears from Plaintiff's various pleadings that despite his limited legal knowledge and the other limitations he has proffered, he has an adequate understanding of the issues and matters involved in this case and he has articulated the claims in a reasonable fashion.  The court has every reason to believe he can also do so in the court of appeals.  The court also finds that Plaintiff's claims have a small likelihood of success.  In sum, Plaintiff's assertions of the issues he seeks to present on appeal and reasons for seeking appointment of counsel simply do not show that "exceptional circumstances" warrant the appointment of counsel.  See Lavado, 992 F.2d at 606.

For these reasons, the motion to appoint counsel on appeal is DENIED.

SO ORDERED.

Date: April 22, 2026                              s/F. Kay Behm
                                                 F. Kay Behm
                                                 United States District Judge

3