UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD D. DANIELS, SR.,                          Case No. 25-11261

      Plaintiff,                              F. Kay Behm
v.                                             United States District Judge

CITY OF DETROIT, *et al.*,                     Elizabeth A. Stafford
                                               United States Magistrate Judge

      Defendants.
_____ /

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION**
**PURSUANT TO FED. R. CIV. P. 59(e) and ED Mich. LR 7.1(h) (ECF No. 80)**

On April 13, 2026, Plaintiff filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) and ED Mich. LR 7.1(h).  (ECF No. 80).  Plaintiff seeks reconsideration of the court's Opinion and Order and Judgment dismissing his complaint.  *Id*.  Plaintiff's motion must be denied for two primary reasons. First, to the extent it is brought under Local Rule 7.1(h), which governs motions for reconsideration, that rule does not permit a party to seek reconsideration of a final order or judgment.  ED Mich. LR 7.1(h)(1).

Second, to the extent Plaintiff seeks relief under Rule 59(e), the motion is untimely and the court is not permitted to extend the time to file such a motion.  Rule 59(e) motions "must be filed no later than 28 days after the

1

entry of judgment." Fed. R. Civ. P. 59(e).  The term "judgment" refers to "a judgment or a final order." *Fudge v. Love's Travel Stops & Country Stores, Inc.*, No. 2:23-CV-00030, 2024 WL 4778036, at *2 (M.D. Tenn. Nov. 13, 2024) (quoting *Keith v. Bobby*, 618 F.3d 594, 597 (6th Cir. 2010)).  A court "must look to the date upon which the final order or judgment was entered to determine whether a Rule 59(e) motion is timely." *Id*. at 598.  Rule 6(b)(2) "prohibits courts from extending the time to act under Rule 59(e)." *Ross v. Teleperformance USA Inc*., 2015 WL 13933132, at *1 (6th Cir. Dec. 21, 2015) (citing Fed. R. Civ. P. 6(b)(2)); *see Keith*, 618 F.3d at 598–99 (courts cannot extend the time to act under Rule 59(e)).

Here, the court entered its final Opinion and Order and Judgment on January 15, 2026.  (ECF Nos. 68, 69).  Plaintiff filed his motion nearly three months later on April 13, 2026, well after the expiration of the 28-day period. (ECF No. 80).[1]  While Plaintiff moves for an extension of time, the court is prohibited from extending the deadline.  "The plain language of Rules 6(b) and 59(e), and instruction from the Sixth Circuit, are all unequivocal—the Court does not have the authority to grant an extension to the filing deadline under

---

[1] While Plaintiff points out that he did not receive notice of the court's Judgment until March 2, 2026 (*see* ECF No. 78), that is not a circumstance that appears to impact the mandatory nature of the 28-day rule.  Notably, Plaintiff also did not file his motion within 28 days of his receipt of the Judgment, given that it  was not filed until April 13, 2026.

Rule 59(e)." *Fudge*, 2024 WL 4778036, at *3 (citing Fed. R. Civ. P. 59(e) ("A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment."); Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."); *Ross*, 2015 WL 13933132, at *1; *Keith*, 618 F.3d at 598–99).

When a party's Rule 59 motion is not timely filed, it is appropriate for a court to consider the motion as one for relief from judgment under Rule 60. *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). The standard for granting a Rule 60 motion is significantly higher than the standard applicable to a Rule 59 motion. *Id*. A Rule 60(b) motion may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

3

*Id*. (quoting Fed. R. Civ. P. 60(b)).  The residual clause in Rule 60(b)(6) affords relief "only in exceptional circumstances" not otherwise addressed by the rule's first five clauses. *Tanner v. Yukins*, 776 F.3d 434, 443 (6th Cir. 2015) (quoting *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990)). Rule 60(b)(6) is properly invoked only in "unusual and extreme situations where principles of equity mandate relief." *Id*.  The party seeking relief bears the burden of proving entitlement to relief by clear and convincing evidence.  *Info-Hold, Inc. v. Sound Merchandising*, 538 F.3d 448, 454 (6th Cir. 2008).  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories, or proof."  *Hall v. City of Williamsburg*, 2019 WL 1470951 (6th Cir Apr. 1, 2019) (quoting *Tyler v. Anderson*, 749 F.3d 499, 509 (6th Cir. 2014)).

Plaintiff argues the following in support of his motion: (1) the court applied a heightened pleading standard to a pro se litigant; (2) the court filed to apply Rule 8(a)(2) to Plaintiff's complaint; (3) the court failed to allow amendment before dismissal; and (4) the court misapplied Rule 55 regarding defaults.  Save for failing to allow amendment before dismissal, Plaintiff's arguments are merely a rehash of the issues addressed in the Magistrate Judge's report and recommendation, as adopted by the court's Opinion and

4

Order.  Construing the motion liberally, the court concludes that none of Plaintiff's arguments present cause for relief from judgment under any part of Rule 60(b)(1)-(6) "because the facts [do] not warrant relief from judgment and because the motion impermissibly [seeks] to rehash the underlying judgment. These are both valid reasons to deny a Rule 60(b) motion." *Black v. Columbus Pub. Schs.*, No. 2:96-CV-326, 2011 WL 13308422, at *1 (S.D. Ohio June 3, 2011) (quoting *Blachy v. Butcher*, 129 F. App'x 173, 179 n.5 (6th Cir. 2005)); *Livonia Pub. Schs. v. Selective Ins. Co. of the Se.*, 611 F. Supp. 3d 426, 435 (E.D. Mich. 2020) ("Rule 60(b) may not be used to relitigate the case."); *Walker v. RDR Real Est., LLC*, No. 2:11-CV-10251, 2017 WL 5653880, at *3 (E.D. Mich. Mar. 31, 2017), aff'd, 727 F. App'x 142 (6th Cir. 2018) ("A motion under Rule 60(b) is not a second opportunity for the losing party to make its strongest case, to rehash arguments, or to dress up arguments that previously failed.").

As to Plaintiff's claim that the court made a mistake by not sua sponte granting him leave to amend, generally, a district court does not abuse its discretion when it fails to grant leave to amend when such leave was never requested.  *Jackson v. Ohio*, No. 25-3270, 2025 WL 3730297, at *2 (6th Cir. Dec. 23, 2025) (citing *Total Benefits Plan. Agency, Inc. v. Anthem Blue Cross &*

5

*Blue Shield*, 552 F.3d 430, 438 (6th Cir. 2008)).  The Sixth Circuit has also held, however, that "dismissal with prejudice and without leave to amend is not appropriate unless it is clear on de novo review that the complaint could not be saved by amendment." *Id*. (quoting *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015) (quotation omitted)).  In *Jackson*, the plaintiff sued the state of Ohio, which the Court of Appeals found was properly dismissed based on sovereign immunity.  However, the court found that the plaintiff could easily remedy the deficiencies in his pro se complaint by amending it to name the individuals who violated his rights.  *Id*. at *2.  Here, Plaintiff has not identified how he would remedy the deficiencies identified in his complaint. Nor does he offer any explanation as to why he did not seek leave to amend before judgment entered.[2]  *Pond v. Haas*, 674 F. App'x 466, 473 (6th Cir. 2016) (finding relevant inquiry whether plaintiff provided a "compelling explanation" for failure to amend or seek leave to amend to add additional facts before judgment was entered). And this court's review of the complaint and the

---

[2] Notably, Plaintiff did not file a motion for leave to amend the complaint, nor did he identify how he would address the complaint's deficiencies in his objections to the Report and Recommendation, despite the fact that the Magistrate Judge explained in her Report that "[i]f plaintiffs believe they need to supplement their complaint with additional facts to withstand a motion to dismiss, they have a readily available tool: a motion to amend the complaint under Rule 15. They cannot amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." (ECF No. 49, PageID367-68, quoting *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020) (cleaned up)).

Report and Recommendation identifying its deficiencies do not suggest that

the complaint would be saved by amendment.

Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**.

Date: May 5, 2026                           s/F. Kay Behm
                                            F. Kay Behm
                                            United States District Judge